William A. Leavell and Estate of Myrtle W. Leavell, Deceased, William A. Leavell, Administrator v. Commissioner.
Leavell v. Commissioner
Docket No. 638-62.
United States Tax Court
T.C. Memo 1965-93; 1965 Tax Ct. Memo LEXIS 239; 24 T.C.M. (CCH) 477; T.C.M. (RIA) 65093; April 9, 1965
*239 deQuincy V. Sutton, for the petitioners. Frederick T. Carney, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined deficiencies in petitioners' income tax for the calendar years 1958 and 1959 in the respective amounts of $5,107.27 and $5,262.83 and additions to tax under section 6653(a) of the Internal Revenue Code of 1954 for these years in the amounts of $255.36 and $263.14, respectively. The issue for decision is whether respondent erred in disallowing in part the deductions claimed by petitioners for business expenses, contributions, interest, taxes, and medical expenses. At the trial petitioners' attorney stated that while he did not concede the case or agree to its dismissal for failure properly to prosecute, he did not intend to offer any evidence but would ask that the Court determine the issues on the basis of the allegations and admissions in the pleadings. The only facts established by the pleadings are that petitioner William A. Leavell and Myrtle W. Leavell, now deceased, were husband and wife during the calendar years 1958 and 1959, residing in Meridian, Mississippi. They filed joint income *240 tax returns for each of these years with the district director of internal revenue for the district of Mississippi. The Commissioner issued a notice of deficiency to petitioners disallowing a portion of the deductions claimed by them on their returns. The record contains a stipulation of facts filed by the parties on February 5, 1964, approximately a year prior to the date this case was called for trial. Petitioners' attorney did not ask that the facts stipulated therein also be considered. However, since this stipulation is part of the record, the Court considers that the facts therein stipulated are properly to be considered herein. These facts show, in addition to the facts alleged in the petition which are admitted in the answer, that William A. Leavell was engaged in the business of selling life insurance, that he reported gross income for the years 1958 and 1959 in the amounts of $35,418.48 and $32,116.19, respectively, and claimed business expense deductions for these 2 years in the respective amounts of $20,086.49 and $19,864.50. Copies of the income tax returns filed by petitioners for 1958 and 1959 and of the notice of deficiency issued by respondent are attached to *241 the stipulation of facts. At the trial counsel for respondent conceded that the deficiencies as determined in the notice of deficiency were to some extent in error and stated that the proper amounts of deficiencies in tax which respondent now claims are $4,899.49 for 1958 and $4,914.70 for 1959 and additions to tax under section 6653(a) of the Internal Revenue Code of 1954 of $244.97 and $245.74 for these years, respectively. The facts shown by the pleadings and the stipulation filed in this case totally fail to show any error in respondent's determination. The burden of proof to show error in respondent's determination is upon petitioner and therefore, except to the extent of the concessions made by respondent. Decision will be entered for respondent.